IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51164
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FREDDIE LEE KELLY

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-201-ALL-OG
--------------------
September 5, 2000

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

Freddie Lee Kelly appeals his sentence following his guilty-plea conviction for possessing with the intent to distribute cocaine base. Kelly asserts that the Government breached the plea agreement because its promised recommendation that Kelly be sentenced at the bottom of the applicable guideline range was vague, poorly delivered, and ambiguous with respect to which guideline range was applicable. Kelly requests that this case be remanded for resentencing before a different district court judge at a hearing during which the Government would be required to

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recommend a sentence at the bottom end of the 168-to-210-month guideline range.

As part of his written plea agreement with the Government, Kelly agreed to waive his right to appeal his sentence, except with respect to an upward departure from the applicable guideline range. At his rearraignment hearing, the magistrate judge personally addressed Kelly and admonished him regarding his waiver of appeal; Kelly stated that he understood the waiver. Thus, the record shows that Kelly knowingly and voluntarily waived his right to appeal his sentence. See United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999).

Because Kelly's sentence was not based upon an upward departure from the applicable guideline range and because Kelly's appeal is solely a challenge to his sentence, this appeal is DISMISSED as waived.